**UNITED STATES of America,**
**Appellee,**

v.

**Vincent NUCCIO and Anthony Cefolo,**
**Defendants-Appellants.**

**No. 291, Docket 28039.**

United States Court of Appeals
Second Circuit.

Argued March 25, 1963.

Decided March 25, 1963.

Louis Kaye, New York City, for defendants-appellants.

Jerome F. Matadero, Asst. U. S. Atty., Eastern Dist. of New York (Joseph P. Hoey, U. S. Atty., on the brief), for appellee.

Before WATERMAN and KAUFMAN, Circuit Judges, and WEINFELD, District Judge.

PER CURIAM.

The defendants were convicted on the fourth count of a five-count indictment, which charged them, and other defendants, with knowingly and unlawfully possessing property intended for use in violation of Chapter 51 of Title 26 of the United States Code and the attendant regulations. In his charge on this count, Judge Rosling, upon determining that the evidence at trial supported proof of only three of the crimes defined in that Chapter, instructed the jury with respect to the possession of property with intent: (a) not to register the distillery as required immediately upon its being set up (26 U.S.C. § 5601); (b) not to file the required notice of intention to engage in the business of a distiller (26 U.S.C. § 5175(a)); (c) not to give the required bond before commencing the business of a distiller (26 U.S.C. §§ 5176, 5604). It is asserted on appeal that Judge Rosling committed reversible error by instructing on only these three possible violations of Chapter 51 rather than on what the appellants themselves admit to be the nearly 1000 sections and regulations under that Chapter; appellants argue that by so charging the jury, the District Judge improperly amended the indictment, thus running afoul of the principle of Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1886). This contention is wholly without merit. The judge's "distillation" of the relevant sections from Chapter 51 constituted simply a withdrawal from the jury's consideration of those methods of committing the crime alleged in count four of the indictment which were not supported by the evidence introduced at trial. His actions in so doing were quite proper.

With unusual agility, appellants next contend that the District Judge's instruc-

tions were so lengthy and verbose as to have necessarily caused the jury to bring in a verdict based only upon mistake and confusion. The trial was conducted over a period of four weeks; the charge took the better part of a full day in court. Although somewhat lengthy, it set forth the principles of law and marshaled the facts with clarity and thoroughness. Appellants can cite us to no passage in which the instructions on the law were in any way exceptionable, and the only purported misstatement of fact was immediately cured by a clear corrective instruction.

The remaining assertions of error and of substantial prejudice to the appellants are transparently frivolous.

Affirmed.